Ryan Lee (SBN: 024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x241
Fax: 866-583-3695
rlee@consumerlawcenter.com
Attorneys for Plaintiff,
JACK PENNINGTON, III

**UNITED STATES DISTRICT COURT,
DISTRICT OF ARIZONA**

| | |
|---|---|
| JACK PENNINGTON, III, | Case No.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| NATIONWIDE CREDIT, INC., | **(Unlawful Debt Collection Practices)** |
| Defendant. | |

**PLAINTIFF'S COMPLAINT**

JACK PENNINGTON, III (Plaintiff), through his attorneys, KROHN & MOSS, LTD., alleges the following against NATIONWIDE CREDIT, INC. (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant is located in the state of Arizona, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

5. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

6. Plaintiff is a natural person residing in Chesapeake, Northampton County, Virgina.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a collection agency located in Phoenix, Maricopa County, Arizona.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt (see Plaintiff's call log attached as Exhibit A).

12. Defendant calls Plaintiff from 800-280-3610.

13. Defendant calls Plaintiff on his cell at 757-589-9579 and to his work at 757-420-2222.

14. Defendant called Plaintiff and failed to inform him that the call was from a debt collector.

15. To date, Defendant places collection calls to Plaintiff and hangs up without leaving a voicemail message. To date, Defendant has never left a voicemail message for Plaintiff when he fails to answer the phone.

16. Defendant places collection calls to Plaintiff and when Plaintiff answers the phone there is no one on the other end of the line but Plaintiff's caller ID indicates that Defendant is the caller.

17. Defendant places collection calls to Plaintiff and fails to provide meaningful disclosure

of the caller's identity.

18. Defendant constantly and continuously places collection calls to Plaintiff's place of employment (see Exhibit A and letter from Plaintiff's employer attached as Exhibit B).

19. Defendant calls Plaintiff's place of employment and informed Plaintiff's co-worker that they were attempting to reach him "because of past due bills."

20. Plaintiff and Plaintiff's co-workers have informed Defendant on multiple occasions that he is not permitted to receive personal calls at work but Defendant continues to call.

21. Defendant placed a collection call to Plaintiff at his place of employment. Plaintiff's manager answered the telephone and informed Defendant to stop calling. Despite this instruction, Defendant placed a second collection call to Plaintiff at his place of employment that same day.

22. On September 30, 2009, Defendant placed an additional collection call to Plaintiff's place of employment after being informed by Plaintiff, Plaintiff's co-workers, and Plaintiff's manager that he is not permitted to receive personal telephone calls at work.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

23. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692b(2)* of the FDCPA by communicating with Plaintiff's co-workers and Plaintiff's manager and indicating that Plaintiff owes a debt.

    b. Defendant violated *§1692b(2)* of the FDCPA by communicating with Plaintiff's co-workers and Plaintiff's manager more than once and without any request to do so and without reasonable belief that the earlier responses were erroneous or incomplete.

    c. Defendant violated *§1692c(a)(1)* of the FDCPA by communicating with Plaintiff without his prior consent in connection with the collection of a debt at an unusual place which is known to be inconvenient to Plaintiff because Defendant calls

Plaintiff at his place of employment after being repeatedly informed by Plaintiff, Plaintiff's manager, and Plaintiff's co-worker that Defendant is not permitted to call.

d. Defendant violated *§1692c(a)(3)* of the FDCPA by communicating with Plaintiff without his prior consent in connection with the collection of a debt at Plaintiff's place of employment after being repeatedly informed by both Plaintiff, Plaintiff's manager and Plaintiff's co-worker that Defendant is not permitted to call.

e. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress and/or abuse the Plaintiff.

f. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass the Plaintiff.

g. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity because Defendant fails to respond when Plaintiff answers the phone and because Defendant calls Plaintiff and fails to leave voicemail messages.

h. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by failing to inform Plaintiff of the caller's identity.

i. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by failing to inform Plaintiff that the call is from a debt collector.

j. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by communicating with Plaintiff without his prior consent in connection with the collection of a debt at Plaintiff's place of employment after being repeatedly informed by both Plaintiff, Plaintiff's

      manager and Plaintiff's co-worker that Defendant is not permitted to call.

    k. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by placing telephone calls without meaningful disclosure of the caller's identity because Defendant fails to respond when Plaintiff answers the phone and because Defendant calls Plaintiff and fails to leave voicemail messages.

    l. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the calls are from a debt collector.

WHEREFORE, Plaintiff, JACK PENNINGTON, III, respectfully requests judgment be entered against Defendant, NATIONWIDE CREDIT, INC., for the following:

24. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

25. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

26. Actual damages,

27. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

28. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff, JACK PENNINGTON, III, demands a jury trial in this cause of action.

                          RESPECTFULLY SUBMITTED,

DATED:  October 1, 2009            KROHN & MOSS, LTD.

                                By: _____

                                   Ryan Lee
                                   Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF VIRGINIA)

Plaintiff, JACK PENNINGTON, III, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, JACK PENNINGTON, III, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 9-30-09                           _____
                                        JACK PENNINGTON, III

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# **EXHIBIT A**

PLAINTIFF'S COMPLAINT

## JACK PENNINGTON, III v. NATIONWIDE CREDIT, INC.

Charity that called on the 24th of sept I know of 2 times that day
There is about 8 different people that answer the phone. I understand it's a few times a day Nationwide calls. Here are the calls I answered and know of. Now the ones on my cell that I never answered There was never a voice mail.

Cell phone - 757-589-9579

9/14 2:34 pm / 4:10 pm
9/15 4:27pm
9/16 3:40 pm


Office - 757-420-2222

9/21 2 times and once I answered
9/22
9/23 3 times
9/24 2 times from Charity
9/25 2 times
9/30  from Charity and was told again to stop calling there by ME. She does not even tell people now its Nationwide she asks for Jack and says it's a Charity calling almost like it would be a customer of ours

I understand its more like 3 and 4 a day sometimes from the people I work with


Jack

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**EXHIBIT B**

PLAINTIFF'S COMPLAINT



www.aqualeisurepools.com

September 30, 2009

To Whom It May Concern:

Aqua Leisure Pools has received over the last few months numerous phone calls from persons identifying themselves as "Nationwide". These callers are attempting to reach " Jack Pennington ". Aqua Leisure Pools employs a Jack Pennington III, and messages were left for him on behalf of "Nationwide". The phone calls from "Nationwide" continue to this day.

Sincerely,

Robert C. Scherrer
CEO
Aqua Leisure Pools

**Corporate Office**
953 Reon Drive
Virginia Beach, VA 23464
(757) 420-2222   Fax (757) 420-6991

| **General Booth** | **Pembroke** | **Churchland** | **Battlefield** |
| 1485 General Booth Blvd. #13 | 4604 Pembroke Lake Circle | 3135 Tyre Neck Road | 1101 Battlefield Blvd. S. |
| Virginia Beach, VA 23454 | Virginia Beach, VA 23455 | Portsmouth, VA 23703 | Chesapeake, VA 23322 |
| (757) 425-9411 | (757) 499-7711 | (757) 484-7411 | (757) 436-7945 |